```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION

JERLEAN B. BROWN                                              PLAINTIFF


VS.                                    CIVIL ACTION NO. 3:09CV333TSL-JCS


RICHARD DUPONT, D.J. DUPONT,                                 DEFENDANTS
MITCHELLE LABLANC, TAMMY JEANSOME,
FREDA COUNT, AND TERRY DUPONT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Richard Dupont for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure.  Pro se plaintiff Jerlean Brown has failed to responded to the motion,[1] and the time for doing so has since expired.  The court, having considered Durpont's memoranda and submissions, now concludes that the motion is well taken and should be granted, as follows.

Plaintiff filed this lawsuit in Hinds County Circuit Court alleging that Dupont, a superintendent with her former employer

---

[1] On January 7, 2010, the court entered an order denying Brown's motion to voluntarily dismiss without prejudice and directing that by January 18, 2010, plaintiff was to either inform the court, in writing, that she intended to dismiss the case with prejudice or respond to defendant's pending motion for summary judgment.  On January 20, 2010, plaintiff called chambers maintaining that she had only received a copy of the order on January 19, 2010 and would mail a response that week dismissing the case with prejudice.  As of this date, the record shows that no response has been filed and the court has received no further communication from plaintiff.

Ceco Concrete Construction (Ceco), and others also affiliated with Ceco, slandered her, tampered with her "social," changed the pin number on an account and stole her mail. DuPont removed the case on the basis of diversity jurisdiction and subsequently moved for summary judgment, arguing that the complaint fails to state a viable defamation claim and that plaintiff cannot substantiate what defendant contends are putative claims for invasion of privacy.[2] Asserting that plaintiff filed this action only to harass him, DuPont further seeks sanctions against plaintiff pursuant to Mississippi's Litigation Accountability Act, Miss. Code Ann. § 11-55-1 *et al.*, in the form of attorney fees and costs and an order barring her from bringing any further action against him without first obtaining leave of court.

Regarding plaintiff's defamation claim, DePont argues that the claim fails as a matter of law because the complaint not only fails to identify an allegedly defamatory statement, but also, because it fails to identify any third party to whom the statement

---

[2] According to documentation offered in support of the motion, from 1998 to 2000, plaintiff was employed as a laborer by Ceco Concrete Concrete Construction (Ceco), which also employed and continues to employ Dupont as district superintendent. In late 2000, after she left Ceco's employment, plaintiff began calling and faxing the company, making unfounded allegations against Dupont and others. In April 2001, Ceco succeeded in obtaining a restraining order against Brown, restraining her from contacting Ceco or any employee by telephone, in writing or in person.

2

was communicated. See Stephens v. Kemco Foods, Inc., 928 So. 2d 226, 233 (Miss. Ct. App. 2006) (elements of defamation include, among others, "a false and defamatory statement regarding the plaintiff (and) unprivileged publication to a third party"). Defendant takes the position that, in any event, summary judgment is appropriate as plaintiff cannot and has not come forward with proof to substantiate her claim.  Here, even were the court to conclude that Brown had stated a claim for defamation upon which relief could be granted, in her own motion for voluntary dismissal, she candidly admits she has no proof to support the essential elements of her claim. Accordingly, summary judgment is appropriate as to this claim. See Little v. Liquid Air Corp., 939 F.2d 1293, 1299 (5th Cir. 1991) (explaining that movant for summary judgment satisfies burden by demonstrating that the record evidence "insufficiently supports an essential element of the opponent's claim or defense" on which the opponent bears the ultimate burden of proof).

As to plaintiff's remaining allegations, DuPont surmises that plaintiff intended to assert a claim for some form of invasion of privacy, which in Mississippi is composed of four distinct and separate sub-torts:

> 1. The intentional intrusion upon the solitude or seclusion of another;
> 2. The appropriation of another's identity for an unpermitted use;

3

>    3. The public disclosure of private facts; and
>    4. Holding another to the public eye in a false light.

Candebat v. Flanagan, 487 So.2d 207, 209 (Miss. 1986). Having reviewed plaintiff's complaint, it is difficult to discern a claim for any form of invasion of privacy, and it is not otherwise clear what, if any, other claim she may be asserting, or attempting to assert. Nevertheless, plaintiff has declared in her motion to dismiss that she has no proof to support her claims herein. Accordingly, summary judgment is appropriate as to any claim she may be trying to assert.

Turning to defendant's request for costs and attorney fees, Mississippi's Litigation Accountability Act, Miss. Code Ann. § 11-55-1, *et al.*, provides in pertinent part:

> [I]n any civil action commenced or appealed in any court
> of record in this state, the court shall award, as part
> of its judgment and in addition to any other costs
> otherwise assessed, reasonable attorney's fees and costs
> against any party or attorney if the court, upon motion
> of any party or on its own motion, finds that an
> attorney or party brought an action, or asserted any
> claim or defense, that is without substantial
> justification, or that the action, or any claim or
> defense asserted, was interposed for delay or
> harassment, or if it finds that an attorney or party
> unnecessarily expanded the proceedings by other improper
> conduct including, but not limited to, abuse of
> discovery procedures available under the Mississippi
> Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5(1). The term "without substantial justification," as used in the statute, "means that it is frivolous, groundless in fact or in law, or vexatious, as

4

determined by the court." Miss. Code Ann. § 11-55-3(1). "Frivolity is defined, for purposes of this section, just as it is for Rule 11 purposes: a claim is frivolous "'only when, objectively speaking, the pleader or movant has no hope of success.'" Leaf River Forest Products, Inc. v. Deakle, 661 So. 2d 188, 197 (Miss. 1995) (citations omitted). The Act is expressly made applicable to pro se litigants, but provides the following:

> No party, except an attorney licensed to practice law in
> this state, who is appearing without an attorney shall
> be assessed attorney's fees unless the court finds that
> the party clearly knew or reasonably should have known
> that such party's action, claim or defense or any part
> of it was without substantial justification.

Miss. Code Ann. § 11-55-5(4) provides:

Here, the bizarre allegations set out in plaintiff's complaint, coupled with plaintiff's statement in her motion to voluntarily dismiss that she has no proof to support her charge, lead the court to conclude that at the time she filed this action, Brown clearly knew or should have known that she had no hope of success, and therefore, that the action is frivolous.[3] Accordingly, the court concludes that defendant is entitled to an

---

[3] The court recognizes that § 11-55-5(2) provides: "No attorney's fees or costs shall be assessed if a voluntary dismissal is filed as to any action, claim or defense within a reasonable time after the attorney or party filing the action, claim or defense knows or reasonably should have known that it would not prevail on the action, claim or defense." In this case, plaintiff moved to voluntarily dismiss, but delayed for six months, until after defendant had moved for summary judgment.

5

award of reasonable attorney fees and costs under the Litigation Accountability Act. Defendant shall have until February 22, 2010, in which to submit proof on this issue.

Finally, defendant requests that the court enjoin plaintiff from filing future lawsuits without leave of court. As defendant recognizes, it is well settled that a plaintiff's pro se status does not give her a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). Further, "there is no constitutional right of access to the courts to prosecute an action that is frivolous" and thus, this court has power to enjoin litigants who abuse the judicial system. Kaminetzky v. Frost Nat'l Bank of Houston, 881 F. Supp. 276, 277 (S.D. Tex. 1995). However, while preclusion orders are appropriate tools for deterring vexatious filings, when issuing such an order, the court must ensure that it is "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." Farguson, 808 F.2d at 360. Here, in light of the record in this case and the background of Brown's relationship with DuPont and DuPont's employer, the court finds that it is appropriate to enjoin Brown from further filings against DuPont in this court without leave of court.

Based on the foregoing, it is ordered that defendant's motion for summary judgment is granted. It is further ordered that defendant is entitled to recover reasonable attorney fees and costs associated with defending this action and that Brown is prohibited from future filings against DuPont in this court without first having obtained leave of court.

SO ORDERED this 2nd day of February, 2010.

/s/ Tom S. Lee_____
  UNITED STATES DISTRICT JUDGE